UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------

LINDA D. CRAWFORD                                        Docket No.
                        Plaintiff

        V.

FRANKLIN CREDIT MANAGEMENT CORPORATION,
TRIBE CA LENDING CORPORATION,                    COMPLAINT
LENDERS FIRST CHOICE AGENCY, INC.                (Jury Trial Demanded)

                        Defendants
-----------------------------------------------------------------------

## NATURE OF THE ACTION

1.      This action arises out a foreclosure rescue scam whereunder Ms. Linda

        Crawford, a hardworking homeowner, was fraudulently induced to enter into a

        residential mortgage.  As detailed below, the transaction was in gross violation of

        applicable state and federal laws, and Ms. Crawford seeks compensatory and

        punitive damages, and equitable and injunctive relief, in addition to attorneys

        fees and expenses.

## PARTIES

2.      Ms. Linda Crawford is a resident of the State of New York.  At all relevant times,

        she is and has been the owner of her residence located at 40 Paradise Avenue,

        Piermont, New York 10968.

3.      Upon information and belief, the Defendant, FRANKLIN CREDIT is an agent of

        Defendant TRIBECA and located at 101 Hudson Street, Jersey City, New Jersey

        07302, and is the holder of a certain mortgage entered into by Ms.

        Crawfordwhich was secured by the Plaintiff's residence. At the time of the

1

mortgage transaction, FRANKLIN CREDIT entered into more than five transactions per year in which credit was extended that was seemed by real estate property belonging to a consumer and which was used for purposes other than the initial acquisition or construction of a residence FRANKLIN CREDIT is, therefore, a creditor as defined in the Truth in Lending Act and implementing Federal Reserve Board Regulation Z.

4.    Upon information and belief, the Defendant, TRIBECA, is an agent of FRANKLIN CREDIT and located at 6 Harrison Street, New York, New York 10013, and is the holder of a certain mortgage entered into by Ms. Crawfordwhich was secured by the Plaintiff's residence. At the time of the mortgage transaction, Defendant TRIBECA entered into more than five transactions per year in which credit was extended that was secured by real estate property belonging to a consumer and which was used for purposes other than the initial acquisition or construction of a residence.  TRIBECA is, therefore, a creditor as defined in the Truth in Lending Act ("TILA") and implementing Federal Reserve Board Regulation Z.

5.    Upon information and belief, the Defendant, LENDERS FIRST CHOICE AGENCY, INC., located at Parkwood Boulevard, Suite 100, Frisco, Texas, is an agent of the Defendants and was listed as Settlement Agent of Defendants on all closing documents.

JURISDICTION

6.    The Court has jurisdiction over this matter pursuant to TILA, 15 U.SC. §1640 and 28 U.S.C. §1331, 1337.  Supplementary jurisdiction exists over Ms. Crawford's state law claims under 28 U.S.C. §1367.

2

(Concerted Action)

7.      Defendants had an agreement or understanding between themselves, whether express or tacit, to participate in a common plan or design to commit the aforesaid tortious/illegal acts.

8.      Each person acted tortiously, and committed a tort in pursuance of the said agreement or understanding.  Accordingly, the actions of each person are attributable to every other person.

(Civil Conspiracy)

9.      Defendants conspired with each other to participate in a common plan or design to commit the aforesaid tortious and/or unlawful acts.

10.     Each of them acted tortiously, and one or more of the said persons committed tort(s) in pursuance of the agreement or understanding.  Accordingly, the actions of each person are attributable to every other person.

## STATEMENT OF FACTS

11.     On or about December 11, 2004, Ms. Crawford owned property located at 40 Paradise Avenue, Piermont, New York 10968.

12.     On or about December 11, 2004, Ms. Crawford obtained a mortgage refinance from FRANKLIN/TRIBECA.

13.     The settlement agent was LENDERS FIRST CHOICE AGENCY, INC.

14.     On the date of the mortgage refinance, Ms. Crawford was in her second year of medical school at the Universidad Central Del Este Medical School in the Dominican Republic. Ms. Crawford was a full-time student and resided in the Dominican Republic.

3

15. On the date of the mortgage refinance, Ms. Crawford was earning approximately $1000 per month as an airline stewardess for American Airlines. After living expenses, Ms. Crawford's disposable income each month was in the negative value.

16. At the time of the mortgage refinance, Ms. Crawford had two outstanding mortgages. The first mortgage was with Wells Fargo Bank in the sum of approximately $394,000. A second mortgage was held by Chase Manhattan Mortgage Company ("Chase Manhattan") in the sum of approximately $64,000, totaling approximately $458,000.

17. At the time of the mortgage refinance, Chase Manhattan had obtained a judgment of foreclosure and sale against the subject property. Defendants purported to be refinanciers who would rescue her from the foreclosure, and give her sufficient cash to enable her complete her medical education without financial worries.

18. At the closing, and prior thereto, FRANKLIN/IRIBECA advised Ms. Crawford that they would prevent the foreclosure sale of the subject property with a refinance of the mortgage.

19. Prioi to the Closing Ms. Crawford advised the Defendants that she would not be graduating medical school for another 3 years, until February of 2008, and therefore would not have sufficient income to carry the loan.

20. Prior to Closing, Defendants advised Ms. Crawford that she would be able to cash out $35,000.00 from the refinance and use those funds to pay the mortgage and avoid foreclosure.

4

21.    At no time prior to the December 11, 2004 closing, was Ms. Crawford given any

disclosure as to the terms of the mortgage refinance. The Closing was

conducted by mail Ms. Crawford was not represented by an attorney. The

Mortgage note and other settlement documents were never mailed to Ms.

Crawford . Ms. Crawford received 2 or 3 pieces of paper to sign, by mail.

FRANKLIN/TRIBECA assured Ms. Crawford that she would receive a complete

copy of the settlement documents in the mail. Ms. Crawford never received a

copy of the settlement documents, and to date has still not received a copy of

the settlement documents.

22.    Because Ms. Crawford did not receive any settlement documents on the day of

closing or thereafter, Ms. Crawford never received a three day notice of the right

to rescind the contract, as required by the Truth in Lending Act.

23.    Ms. Crawford paid approximately $35,000 in closing costs for the new loan. Her

monthly payment increased from approximately $3200 per month to $4419 per

month. The FRANKLIN/TRIBECA mortgage included an Adjustable Rate Rider

that increased to a payment of $5,688.92 at 13.375% interest, commencing

February 1, 2007, and an additional rate increase every 6 months thereafter.

24.    Ms. Crawford was never able to make her monthly payments on the instant

mortgage. In September of 2005, FRANKLIN/TRTBECA commenced a

foreclosure action against Ms. Crawford.  FRANKLIN/IRIBECA refused to

entertain any workout or loan modification with Ms. Crawford.

25.    As a result of Defendants' aforesaid fraudulent conduct, Ms. Crawford has

sustained damages.[1]

COUNT I

(Violations of the Truth in Lending Act)

26.   Ms. Crawford repeats, realleges and incorporates by reference the allegations above as if fully set forth herein.

27.   Defendants are engaged in the business of consumer lending and regularly extend credit to consumers in exchange for an installment agreement incurring finance charges repayable in more than four installments.  Defendants are therefore a "creditor" within the meaning of the Truth in Lending Act and Regulation Z.

28.   Defendants violated the Truth in Lending Act and Regulation Z by failing to deliver all "material" disclosures required by the Truth in Lending Act and Regulation Z clearly and conspicuously, including the following:

   a.   failing to give the rescission notice at all at the time the plaintiff's payment obligation began, in violation of 15 U.S.C. §1635(a);

   b.   failing to give two copies of the rescission notice to each consumer at closing, in violation of 15 U.S.C. §1635(a) and Regulation Z, 12 C.F.R. §226.23(b)(1);

   c.   failing to clearly and conspicuously disclose all material disclosures, in violation of 15 U.S.C. §l638, and Regulation Z, 12 C.F.R. §226 17;

   d.   hling to disclose accurately the "finance charge," in violation of 15 U.S.C.

---

[1]Ms. Crawford asserted the claims herein in an adversary proceeding in bankruptcy.  Those proceedings were dismissed without prejudice on July 9, 2008.

§1638(a)(3), and Regulation Z, 12 C.F.R. § 226 18(d) and 226.4;

e.  failing to disclose accurately the "amount financed" in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z, 12 C.F.R § 226 18(b); and

f.  filing to disclose accurately the "payment schedule," in violation of 15 U S C §1638(a)(6) and Regulation Z, 12 C.F.R. § 226 18(g)

g.  Because the refinance contained a security interest in Ms. Crawford's principal dwelling, the contract was subject to the rescission requirements of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R.§226 l5.

h.  Ms. Crawford has a continuing right to rescind the contract until the third business day after she receives a notice in compliance with 15 U.S.C. §1635(a) and Regulation Z, 12 C.F R. §226.15(b) Ms. Crawford never received valid Truth in Lending Act disclosures regarding any of the material disclosures pursuant to TILA.

29. Following proper notice of cancellation by Ms. Crawford, defendants' refusal to terminate the security interest violated 15 U.S.C § 1635(b) and Regulation Z, 12 C.F.R. §226 15(d)

30. The practice complained of is intended to interfere, does interfere and/or renders null plaintiffs' right to cancel. Accordingly, plaintiff's right to cancel continues pursuant to 15 U.S.C. § 1635(f).

31. As a result of the defendants' practices outlined above, Ms. Crawford has been damaged in an amount in excess of $600,000.00

## COUNT II

### (Deceptive Business Practices - Section 349, GBL)

32.   Ms. Crawford repeats and realleges each and every allegation above and incorporates same herein.

33.   In the course of the within transaction, defendants committed and/or engaged in one or more of the following acts or conduct and/or made the following misrepresentations:

   a.   inducing Ms. Crawford into a contract without regard for her ability to pay;

   b.   inducing Ms. Crawford into a contract which had minimal benefit to her;

   c.   failing to timely and validly tender to Ms. Crawford notice of her right to rescind the contract;

   d.   failing to timely and validly make all material disclosures under the Truth In Lending Act 15 U.S.C §1638;

   e.   misrepresenting to Ms. Crawford that she would be entitled to sufficient cash out of the transaction.

34.   All of the above misrepresentations, acts and/or conduct by defendants involved material elements of the transaction between the parties and were unfair, illegal, false, deceptive and/or misleading.

35.   Additionally, such representations were likely to, and in fact did, harm, deceive or mislead Ms. Crawford who was acting reasonably.

36.   The conduct and actions described herein are directed at the general public and have a broad impact on consumers of mortgage loans at large and are not isolated or unique to this transaction between the parties.

8

37.    The aforementioned conduct constitutes deceptive business practices, in

violation of General Business Law Art. 22-A, §349. As a result of the defendants'

breach, Ms. Crawford has sustained damages for which she is entitled to

recover.

38.    Ms. Crawford is entitled to recover costs and attorney's fees from the defendants

pursuant to NYGBL §349(h) and New York General Obligations Law §5-327.

COUNT III

Deceptive Business Practices — Injunction

39.    Ms. Crawford repeats and realleges each and every allegation above and

incorporates same herein.

40.    Pursuant to GBL §349(h), Ms. Crawford is entitled to an injunction barring

defendants with respect to Ms. Crawford and the public at large, from:

a.    inducing Ms. Crawford into a contract without regard for her ability to pay;

b.    inducing Ms. Crawford into a contract which had minimal benefit to her;

c.    failing to timely and validly tender to Ms. Crawfordnotice of her right to

rescind the contract;

d.    failing to timely and validly make all material disclosures under the Truth

In Lending Act 15 U.S.C. §1638;

e.    misrepresenting to Ms. Crawfordthat she would be entitled to cash out of

the transaction;

41.    Ms. Crawford is entitled to recover costs and attorney's fees flom the defendants

pursuant to GBL §349(h) and GOL §5-327.

## COUNT IV

### (Violations of The Equal Credit Opportunity Act)

42.   Ms. Crawford repeats, realleges and incorporates by reference the allegations above as if fully set forth herein

43.   By virtue of the foregoing Ms. Crawford was a victim of an unfair credit transaction involving residential property.

44.   By virtue of the foregoing, defendants discriminated against Ms. Crawford on the basis of race, color, sex or marital status involving the instant home mortgage loan.

45.   By virtue of the foregoing, defendants violated the Equal Credit Opportunity Act and Ms. Crawford herein is entitled to damages.

## COUNT V

### (Violations of The Real Estate Settlement Procedures Act (RESPA))

46.   Ms. Crawford repeats, realleges and incorporates by reference the allegations above as if fully set forth herein.

47.   By virtue of the foregoing, Ms. Crawford never received disclosure notices required by the Real Estate Settlement Procedures Act.

48.   By virtue of the foregoing, defendants violated the Real Estate Settlement Procedures Act (RESPA) and Ms. Crawford is entitled to damages.

## Count VI

### (Fraud)

49.   Ms. Crawford incorporates the contents of the paragraphs hereinabove.

50.   Defendants conducted a fraudulent scheme to entrap Ms. Crawford in a highly

unfavorable mortgage transaction with undisclosed costs. They wilfully and knowingly made, or caused to be made, affirmative misrepresentations of material facts in furtherance of this scheme. They also wilfully and knowingly concealed material facts from Ms. Crawford, and failed to give Ms. Crawford a copy of the settlement documents. Defendants knew the falsity of the misrepresentations at the time these misrepresentations were made. Defendants also knew the material nature of the facts that they willfully concealed from Ms. Crawford, and that defendants ought to have disclosed these facts at that time to her. Defendants had superior knowledge not available to Ms. Crawford; as such, they had the duty to disclose the facts. Ms. Crawford relied upon defendants's representations, and was unaware of the falsity or misleading nature of the representations. Ms. Crawford's reliance was reasonable under the circumstances. As a result of such reliance, Ms. Crawford sustained damages.

51.  By engaging in the conduct described above, defendants committed a fraud upon Ms. Crawford.

52.  Moreover, defendants' wanton conduct was systematic, in reckless disregard of their statutory and other duties, tantamount to criminal indifference to civil obligations, and unconscionable.

53.  Defendants are therefore liable to pay Ms. Crawford compensatory and punitive damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate. In addition, Ms. Crawford is also entitled to the equitable remedies of rescission, and injunctive

11

and declaratory reliefs.

### Count VII

#### (Negligent Misrepresentation)

54.    Ms. Crawford incorporates the contents of the paragraphs hereinabove.

55.    Defendants conducted a fraudulent scheme to entrap Ms. Crawford into highly overpriced mortgages with extremely onerous terms. They made or caused to be made, affirmative misrepresentations of material facts in furtherance of this scheme. They also concealed material facts from Ms. Crawford and failed to give her a copy of the transaction documents. Defendants ought to have known the falsity of the misrepresentations. Defendants had superior knowledge not available to Ms. Crawford; as such, they had the duty to disclose the facts. Ms. Crawford relied upon defendants's representations, and was unaware of the falsity or misleading nature of the representations. Ms. Crawford's reliance was reasonable under the circumstances. As a result of such reliance, Ms. Crawford sustained damages.

56.    By engaging in the conduct described above, defendants committed the tort of negligent misrepresentation upon Ms. Crawford.

57.    Defendants are therefore liable to pay Ms. Crawford damages in such amount as may be proven at trial, together with attorneys' fees and expenses and such other amounts as may be appropriate. In addition, Ms. Crawford and the Class are also entitled to the equitable remedies of rescission, and injunctive and declaratory reliefs.

12

Count VIII

(Breach of Implied Covenant of Good Faith and Fair Dealing)

58.    Ms. Crawford incorporates the contents of the paragraphs hereinabove.

59.    By their conduct aforesaid, Defendants breached the implied covenant of good

faith and fair dealing underlying the contracts at issue.  As a result of such

breach, Ms. Crawford sustained damages.

60.    Defendants are therefore liable to pay Ms. Crawford compensatory damages in

such amount as may be proven at trial, together with attorneys' fees and

expenses and such other amounts as may be appropriate.  In addition, Ms.

Crawford is also entitled to the equitable remedies of rescission, and injunctive

and declaratory reliefs.

Count IX

(Breach of Contract)

61.    Ms. Crawford incorporates the contents of the paragraphs hereinabove.

62.    By charging and collecting sums in excess of those promised to Ms. Crawford,

and by imposing undisclosed amounts towards alleged fees and other charges,

Defendants breached the contracts at issue.  As a result of such breach, Ms.

Crawford sustained damages.

63.    Defendants are therefore liable to pay Ms. Crawford compensatory damages in

such amount as may be proven at trial, together with attorneys' fees and

expenses and such other amounts as may be appropriate.  In addition, Ms.

Crawford is also entitled to the equitable remedies of rescission, and injunctive

and declaratory reliefs.

WHEREFORE, Plaintiff LINDA CRAWFORD respectfully requests that this Court:

a.   Declare that Ms. Crawford is entitled to, and has, properly rescinded the mortgage contract pursuant to 15 U S C. §1635 and that defendants' security interest in the property is released;

b.   Permanently enjoin any and all foreclosure proceedings claimed against Ms. Crawford based on the subject mortgage transaction;

c.   Award compensatory, punitive, and/or statutory damages, including costs and reasonable attorney's fees, in accordance with the Truth in Lending Act, the New York General Business Law, and the common law; and

d.   Award such other relief as the Court deems appropriate.

Dated:     New York, New York
           July 11, 2008

**Chittur & Associates, P.C.**

By:  Krishnan Chittur, Esq. (KC9258)
286 Madison Avenue Suite 1100
New York, New York 10017
Tel: (212) 370-0447
Email: kchittur@chittur.com

Attorneys for Plaintiff Linda Crawford

14