UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LINDA D. CRAWFORD,

                                                                                            08 Civ 6293 (JFK)(FM)

                Plaintiff,

      - against -

FRANKLIN CREDIT MANAGEMENT CORPORATION,
TRIBECA LENDING CORPORATION,
LENDERS FIRST CHOICE AGENCY, INC,
                              Defendants.
------------------------------------------------------------------------x

**Affirmation of Krishnan S. Chittur, Esq.**

**In Support of Plaintiff's Motion for Sanctions**

        Krishnan Chittur, an attorney duly admitted to the Bar, hereby solemnly affirms and states as follows under penalties of perjury:

1.     I am the principal of Chittur & Associates, P.C., attorneys of record for the Plaintiff Ms. Crawford herein. As such, I am fully familiar with the records and proceedings herein, and file this affirmation in support of the instant motion for Rule 37 sanctions.

2.     The underlying action arises out of a foreclosure rescue scam. According to the Amended Complaint, Defendants fraudulently induced Ms. Linda Crawford, a hardworking homeowner, to sign certain blank papers in JFK airport on December 11, 2004, based on false representations concerning a proposed "bridge loan" transaction to stave off a then-pending foreclosure on her home, and to enable her complete medical school without financial worries. However, unknown to Ms. Crawford, Defendants transposed her signatures on blank pages onto several mortgage-related documents. The entire transaction was a sham, conducted in gross violation of the common law as well as State

and federal laws. On these and related grounds, Ms. Crawford asserts claims under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§1961-1968, Truth in Lending Act ("TILA"), 15 U.S.C. §1601, et seq, The Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §1691 et seq, N.Y. Gen. Bus. L. §349, and the common law, and seeks compensatory and punitive damages, and equitable and injunctive relief, in addition to attorneys fees and expenses. Defendants filed an Answer with the usual denials.

3. For purposes of the instant motion, the following is a chronology of material developments thus far:

   a. October 3, 2008: Case Management Conference held, scheduling order requiring amendment of pleadings by January 30, 2009, and providing a discovery cutoff of March 6, 2009.

   b. November 5, 2008: We serve discovery requests on Defendants.

   c. December 9, 2008: Defendants' responses to our discovery requests due; none received. We inquire, whereupon Defense counsel respond that they would "give the same responses" they previously gave in their automatic disclosures, i.e., no new information or additional documents.

   d. December 10, 2008: We send email to Defense counsel requesting reconsideration of their position. No answer.

   e. December 18, 2008: We write to Magistrate Judge seeking intervention.

   f. Jan 9, 2009: Magistrate Judge holds conference on our request, directs attorneys for the parties to discuss each specific request, and then report back. Transcript of Jan 9, 2009, at 15.

g. January 20-30, 2009. We attempt to confer with Defendants' counsel, but our phone calls and emails remained unanswered.

h. February 2, 2009: Magistrate Judge holds the follow-up conference. Magistrate Judge sternly admonishes Defendants, Tr. F, 8 (why "some monetary sanctions against your firm, or your client, or both," should not be assessed); 3-7, 9 ("[I]f you can't staff this case adequately, I can ensure that somebody staffs it adequately, even if it's another law firm"). Eventually, Magistrate Judge directs both sides' attorneys to go to the jury room, discuss each discovery request, and then report on unresolved items. Tr. F., 14-15. The attorneys for the parties do so, and thereafter, Magistrate Judge addresses the remaining issues and directs Defendants to produce documents in two weeks. Tr. F, 31-32.

i. February 2, 2009: Magistrate Judge enters a formal order (based upon the conference) requiring Defendants to produce documents and a privilege log by February 17, 2009, and a 30(b)(6) deposition on February 26, 2009.

j. February 4, 2009: Defendants serve their first discovery request and deposition notice.

k. February 10, 2009: Defendants seek a pre-motion conference with Judge Keenan in connection with a proposed motion to dismiss the Amended Complaint and to amend Defendants' Answer. No explanation of why this was not done timely - the Scheduling Order required this to be done by January 30, 2009 - or the reason for their delay, or why their delay should be excused.

l. February 16, 2009: Defendants produce some documents, but failed to produce other critical documents ordered by Magistrate Judge, including

      i.      Documents concerning business relationship "between and among defendants during the period 2004 through 2006, including any pool service agreements or revenue-sharing arrangements," Tr. F, 22-23;

      ii.      Compensation plan in effect for Koller and his superiors for 2004 - 2006. Tr. F, 25.

      iii.      Legal proceedings <u>against Defendants</u>.  This Court had directed that:
> for the period from 2004 through the date this action was filed that the caption, including the docket number and the jurisdiction, of any lawsuits commenced against the defendants arising out of any mortgages or mortgage refinancings be produced.  So I'm carving out foreclosure actions brought against individuals or entities, but including suits against the defendants arising out of mortgages or refinancing. Tr. F, 27-28.

Defendants produced <u>no</u> documents in response to this.  Instead, they provided a printout of mortgage foreclosure proceedings <u>commenced by Defendants</u> in NY State court - exactly contrary to the Court's express directions.  Such proceedings certainly exist[1].

      iv.      Defendants' licenses for 2004 - 2006, license applications, "and any correspondence related to disciplinary proceedings regarding those licenses," Tr. F, 30-31.  Defendants produced a New York City debt collection license for 2006 for Defendant Franklin, and a New York State mortgage banker license for Defendant Tribeca for 2006.  They produced no licenses for any other State or from any other authority (federal, State or local), no documents for 2004 or 2005, and no license applications for any period.

      v.      Privilege Log - Tr. F, 31-32.  Defendants produced no privilege log.

m.      February 26, 2009: Defendants produce a corporate designee who is totally ill-informed and unprepared to address most issues at bar, *infra*.

n.      March 6, 2009 (Discovery cutoff): We serve Plaintiff's discovery responses, three days <u>earlier</u> than scheduled.  Defendants' counsel informs us that Defendants had "found" the missing originals of the mortgage and note.

---

[1] *Beck v. M&T Mortgage Corp. Et al*, No. 2:08-cv-03610-SJF-AKT (E.D.N.Y.), where the 95-page, 515 paragraph complaint details an outrage akin to the one perpetrated on Ms. Crawford. Defendants were clearly aware of *Beck*: Defense counsel referred to it during the 30(b)(6) deposition.

o.      March 12, 2009: Judge Keenan held a conference.  Judge Keenan inquires why Defendants did not file their motion to dismiss before answering the Complaint, and/or why they did not move to amend pleadings by January 30, 2009.  Defense counsel responds that he "could not address" that.  Judge Keenan sets a briefing schedule for summary judgment motions.  <u>Defendants' opening papers are due on May 15, 2009</u>.

p.      In view of Defendants' sustained discovery misconduct, sanctions are appropriate under applicable law, as explained in the accompanying memo.

q.      Lastly, the enclosed "Memorandum of Law In Support of Plaintiff's Motion For Sanctions" dated April 3, 2009, refers to the following documents, true copies of which are annexed hereto:

| Exhibit No. | Description |
|---|---|
| 1 | Notice of Deposition, dated February 2, 2009 |
| 2 | Olivera Deposition Transcript |
| 3 | Defendants Document Production concerning Mr. Koller |

Dated:      New York, New York  
            April 3, 2009

                                           /s/  
                                     Krishnan Chittur, Esq. (KC 9258)