UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LINDA D. CRAWFORD,

                                                                                                 No. 08 Civ. 6293 (JFK)(FM)

                    Plaintiff,

              -against-

FRANKLIN CREDIT MANAGEMENT
CORPORATION, TRIBECA LENDING CORP.,
LENDERS FIRST CHOICE AGENCY, INC.,

                    Defendants.
-------------------------------------------------------------------x


**DEFENDANTS FRANKLIN CREDIT MANAGEMENT CORPORATION
AND TRIBECA LENDING CORPORATION'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>RELIEF FROM THIS COURT'S ORDER OF MARCH 23, 2011</u>**


                                                                                   O'HARE PARNAGIAN LLP
                                                                                   82 Wall Street, Suite 300
                                                                                   New York, NY 10005-3686
                                                                                   (212) 425-1401

                                                                                  *Attorneys for Defendants Franklin*
                                                                                  *Credit Management Corporation*
                                                                                 *and Tribeca Lending Corporation*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 2

    A.    The Underlying Foreclosure Action ............................................................... 2

    B.    The District Court Action .............................................................................. 3

    C.    Return to State Court ..................................................................................... 4

    D.    Proceedings in the Bankruptcy Court ........................................................... 5

    E.    The Adversary Proceeding ............................................................................ 5

ARGUMENT ............................................................................................................................... 7

CRAWFORD IS NOT ENTITLED TO RELIEF
FROM THE ORDER UNDER RULE 60(b) ............................................................................. 7

    A.    Crawford Lacks Standing to Pursue Her Claims Against Defendants Because
             She Failed to Disclose Those Claims in Her 2006 Bankruptcy Petition ................ 8

           1.    The Trustee's Abandonment of Crawford's Claims Does Not Confer
                Crawford with Standing She Permanently Lost in 2006 ............................. 8

           2.    Judicial Estoppel is Applicable and Warranted Here ............................... 12

    B.    Crawford's Motion is Untimely Under Rule 60(c) ................................................ 14

CONCLUSION ......................................................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

## Cases

Alli v. Boston Mkt. Co.,
   2011 WL 3924246 (D. Conn. Sept. 7, 2011)..................................................................9

Atkinson v. Prudential Prop. Co.,
   43 F.3d 367 (8th Cir. 1994) ............................................................................................8

Bank of Marin v. England,
   385 U.S. 99 (1966).......................................................................................................10

Chartschlaa v. Nationwide Mut. Ins. Co.,
   538 F.3d 116 (2d Cir. 2008) ..........................................................................................9

Coffaro v. Crespo,
   721 F. Supp. 2d 141 (E.D.N.Y. 2010) .....................................................................9, 12

Crawford v. Franklin Credit Mgmt. Corp.,
   2011 WL 1118584 (S.D.N.Y. Mar. 23, 2011).................................................8, 10, 13

DeWeerth v. Baldinger,
   38 F.3d 1266 (2d Cir. 1994) ..........................................................................................7

Galin v. I.R.S.,
   563 F. Supp. 2d 332 (D. Conn. 2008).........................................................................12

Ibok v. Siac-Sector Inc.,
   2011 WL 293757 (S.D.N.Y. Feb. 2, 2011)
   report and recommendation adopted, 2011 WL 979307 (S.D.N.Y.),
   aff'd, 470 F. App'x 27 (2d Cir. 2012) ..........................................................................9

In re Refco Inc.,
   2011 WL 3586416 (S.D.N.Y. Aug. 2, 2011) ..............................................................14

Kellogg v. Strack,
   269 F.3d 100 (2d Cir. 2001) ........................................................................................14

Mitchell v. Washingtonville Cent. Sch. Dist.,
   190 F.3d 1 (2d Cir. 1999) ............................................................................................12

Nemaizer v. Baker,
   793 F.2d 58 (2d Cir. 1986) ............................................................................................8

Peyser v. Searle Blatt & Co.,
    2001 WL 1602129 (S.D.N.Y. Dec. 14, 2001) ...................................................................15

Price v. Kuchaes,
    950 N.E.2d 1218 (Ind. Ct. App. 2011) ............................................................................9

Stumpf v. Albracht,
    982 F.2d 275 (8th Cir. 1992) ..........................................................................................10

Tribeca Lending Corp. v. Crawford,
    16 N.Y.3d 783 (2011) ......................................................................................................4

Tribeca Lending Corp. v. Crawford,
    20 N.Y.3d 917 (2012) ......................................................................................................4

Truskoski v. ESPN, Inc.,
    60 F.3d 74 (2d Cir. 1995) ...............................................................................................14

Twelve John Does v. Dist. of Columbia,
    841 F.2d 1133 (D.C. Cir. 1988) .......................................................................................8

Young v. Coughlin,
    2001 WL 1230836 (S.D.N.Y. Sept. 24, 2001) ...............................................................15

## Statutes and Rules

11 U.S.C. § 554(b) .......................................................................................................................15

Fed. R. Bankr. P. 6007(b). ...........................................................................................................15

Fed. R. Civ. P. 60(b) ...........................................................................................................1, 7, 8

Fed. R. Civ. P. 60(c) ..............................................................................................................2, 14

Defendants Franklin Credit Management Corporation ("FCMC") and Tribeca Lending Corporation ("Tribeca," and collectively with FCMC, "Defendants"), respectfully submit this Memorandum of Law in opposition to the motion for relief from this Court's Order of March 23, 2011 (the "Order") filed by plaintiff Linda D. Crawford ("Crawford").

## PRELIMINARY STATEMENT

In the Order, this Court dismissed Crawford's claims because Crawford failed to disclose them in 2006 in the first of her three serial bankruptcy petitions, and hence lost standing to pursue the claims. As both this Court and the Bankruptcy Court have already determined, nothing that occurred in Crawford's second or third bankruptcy proceeding did or can restore the standing Crawford lost permanently in 2006. Absolutely nothing had changed since this Court issued the Order to change that result.

But yet, almost two years after the issuance of the Order dismissing the Amended Complaint and approximately two months after the Bankruptcy Court dismissed the amended complaint in an adversary proceeding in which Crawford asserted claims virtually identical to her claims in the Amended Complaint, Crawford has returned to this Court seeking yet another bite at the apple. Crawford now asserts that she is entitled to relief from the Order because, even though she lost standing to pursue them when she failed to list them in her 2006 bankruptcy petition, she somehow regained standing because she belatedly disclosed them in her third, most recent bankruptcy petition. According to Crawford, because the Chapter 7 Trustee in her third bankruptcy case abandoned his interest in the claims, she has somehow been re-vested with standing to pursue them, even though she lacked such standing even before she commenced the third bankruptcy action. Crawford is wrong under both substantive bankruptcy law and under Rule 60(b).

Crawford's assertion with respect to re-vesting has no basis in law or in fact. Crawford fails to mention the fact that she raised the exact same argument before the Bankruptcy Court in opposition to the Defendants' motion to dismiss her recent adversary proceeding. The Bankruptcy Court correctly rejected it, holding that abandonment of an asset by a trustee does not re-vest that asset in a debtor who has been judicially estopped from claiming that asset. The Bankruptcy Court's conclusion was correct: disclosure of claims in a subsequent bankruptcy after the debtor already failed to disclose them in the prior bankruptcy does not cure the original failure to disclose the claims, even if the trustee in the subsequent bankruptcy abandons them. As this Court held in the Order, unscheduled claims only re-vest in the debtor by operation of law. That had not happened here, where Crawford lost standing to pursue her claims in 2006.

Crawford's motion is also untimely under Rule 60(c) because she waited approximately 21 months from issuance of the Order (and almost nine months after the Trustee abandoned her purported claims against Defendants) to file her motion.

Crawford has been litigating her claims in the New York state courts, this Court, and the Bankruptcy Court for years, shuttling back and forth among the courts in an attempt to evade the insurmountable wall of adverse rulings from each of them. Her motion is simply one more attempt to manipulate the system to avoid the effects of her own missteps. There is absolutely no basis to allow this misuse of the judicial process to continue, and Crawford's motion should be denied in its entirety.

## STATEMENT OF FACTS

### A.   The Underlying Foreclosure Action

On or about December 11, 2004, Crawford executed and delivered to Tribeca a note and mortgage in the original principal amount of $504,000.00, pledging real property and

improvements thereon (the "Premises") as collateral. Crawford defaulted on the mortgage, and Tribeca commenced an action to foreclose the mortgage in the Supreme Court of Rockland County, on or about September 7, 2005. A final Judgment of Foreclosure and Sale (the "JFS") was entered in the State Foreclosure Action on or about August 10, 2006.[1] Pursuant to the JFS, Tribeca scheduled a foreclosure sale for October 31, 2006.

On October 29, 2006, Crawford filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code under case no. 06-22724, thereby staying the foreclosure sale. However, she failed to schedule, as assets, any of the claims asserted in this action. This first of Crawford's three bankruptcy cases was dismissed by order dated April 12, 2007.

After the dismissal of Crawford's first bankruptcy case, Tribeca scheduled a foreclosure sale for June 28, 2007. On June 24, 2007, Crawford filed a second Chapter 13 petition staying the rescheduled foreclosure sale. Crawford's second bankruptcy case was dismissed on July 9, 2008.

**B.   The District Court Action**

Crawford commenced this action in this Court on or about July 11, 2008. On or about July 25, 2008, Crawford filed an amended complaint asserting claims for, inter alia, fraud, civil RICO violations, and violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, and New York General Business Law §349.[2] (See O'Hare Decl. Ex. 2.) FCMC and Tribeca filed counterclaims against Crawford seeking costs and fees incurred in connection with defending the action.

---

[1] The JFS is annexed as Exhibit 1 to the accompanying Transmittal Declaration of Robert A. O'Hare Jr. executed April 9, 2013 (the "O'Hare Decl.").

[2] Crawford also filed an adversary proceeding in her second bankruptcy case in which she asserted many of the same claims. That adversary proceeding was dismissed as a result of the dismissal of the main bankruptcy case.

Following extensive discovery, the parties each cross-moved for summary judgment. On or about March 23, 2011, this Court issued a decision and order granting the Defendants' motions for summary judgment dismissing the Amended Complaint and denying Crawford's cross-motion for summary judgment. (See O'Hare Decl. Ex. 3 at 36-37.) The Order provides, in pertinent part:

> With respect to Defendants' motion for summary judgment, because Plaintiff failed to assert any of the claims in this action in her 2006 bankruptcy petition as discussed above, she lacks standing to assert these claims or in the alternative is collaterally estopped from bringing these claims. As such, there are "no genuine issues of material fact" with respect to Plaintiff's claims, and Defendants are entitled to judgment as a matter of law with respect to all of Plaintiff's claims.

### C.   Return to State Court

Crawford then engaged in myriad motion practice in the state court in an attempt to set aside the JFS, resulting in the cancellation of another two duly-scheduled foreclosure sales. All of Crawford's motions were ultimately denied, and their denial was upheld on appeal. The state Supreme Court's Order dated August 17, 2011, denying one of Crawford's post-sale orders to show cause, provides a useful chronology of the above-referenced failed motions by Crawford. (See O'Hare Decl. Ex. 4.) Crawford also moved on two separate occasions for leave to appeal to the New York Court of Appeals; the Court of Appeals denied both motions. See Tribeca Lending Corp. v. Crawford, 20 N.Y.3d 917, 917 (2012); Tribeca Lending Corp. v. Crawford, 16 N.Y.3d 783, 783 (2011).

On March 1, 2011, nearly six years after the state foreclosure action was commenced and nearly five years after entry of the final judgment, a foreclosure sale was conducted, at which Bosco Credit III, LLC ("Bosco") was the successful bidder. On or about April 11, 2011, the referee executed and delivered a deed to Bosco. The deed was recorded in the Rockland County Clerk's office on May 6, 2011. (See O'Hare Decl. Ex. 5.)

### D. Proceedings in the Bankruptcy Court

On November 3, 2011, Crawford filed her third bankruptcy petition, this time under Chapter 7 of the Bankruptcy Code, thereby obtaining yet another delay of the proceedings. In Re Williams a/k/a Crawford, No. 11-24179-RDD (Bankr. S.D.N.Y. 2011).

Bosco brought an application for relief from the automatic stay to allow it to evict Crawford from the premises, among other things. Crawford opposed that motion by raising, inter alia, all of the claims set forth in her Amended Complaint in this action. (See Memorandum of Law In Opposition to Application of Bosco Credit III, LLC, For Modifying/Vacating Automatic Stay, No. 11-24179-RDD, ECF No. 18.) The Court granted Bosco's application following a hearing on January 6, 2012, and an order to that effect was entered by the Bankruptcy Court on January 9, 2012. The eviction of Crawford took place on March 22, 2012.

### E. The Adversary Proceeding

On or about December 30, 2011, Crawford filed an adversary proceeding in the Bankruptcy Court. Crawford v. Franklin Credit Holding Corp., No. 11-8379-RDD (Bankr. S.D.N.Y. 2011). The complaint in the adversary proceeding is virtually identical to the Amended Complaint in this action and contains all of the same claims. In fact, the only real difference is that Bosco was named as a defendant in the adversary proceeding. (See Complaint, No. 11-8379-RDD, ECF No. 1.)

On May 7, 2012, the Chapter 7 Trustee filed a Notice of Proposed Abandonment of the bankruptcy estate's interest in Crawford's claims against FCMC and Tribeca. (See Notice of Abandonment of Property, No. 11-24179-RDD, ECF No. 38.) No objections to the proposed abandonment were filed and, as a result, those claims were deemed abandoned by the Trustee as of May 23, 2012.

The summons and complaint in the adversary proceeding was served upon FCMC, Tribeca, and Bosco on or about July 16, 2012. Franklin Credit Holding Co. ("FCHC") was also named in the complaint, but was never served. On August 15, 2012, the Defendants moved to dismiss the adversary complaint. (See Motion to Dismiss Adversary Proceeding, No. 11-8379-RDD, ECF No. 10.)

On August 31, 2012, Crawford filed an amended complaint with the Bankruptcy Court. Other than dropping FCHC as a defendant, the amended adversary complaint was virtually identical to the original complaint, and is thus virtually identical to the Amended Complaint in this action. (See Amended Complaint, No. 11-8379-RDD, ECF No. 14.)

Defendants again moved to dismiss the Adversary Proceeding on September 12, 2012. In their motion, Defendants asserted that Crawford lacked standing to pursue her claims against them by virtue of this Court's Order, and that Crawford's claims were barred by the Rooker-Feldman doctrine, res judicata, and/or collateral estoppel. (See Motion to Dismiss Adversary Proceeding, No. 11-8379-RDD, ECF No. 17.) In opposition to Defendant's motion, Crawford argued, as she does here, that she did, in fact, have standing by virtue of the Trustee's abandonment of the claims, which re-vested them in her as a debtor.

After a lengthy hearing on December 6, 2012, the Bankruptcy Court found, among other things, that Crawford lacked standing to pursue her claims against Defendants based on this Court's decision, and that the Trustee's abandonment of the claims did nothing to change that. As a result, Judge Drain held that Crawford was collaterally estopped from pursuing her claims against Defendants and dismissed the amended adversary complaint in its entirety. (See O'Hare Decl. Ex. 6 at 44-54.) The Bankruptcy Court also held that the causes of action for fraud, misrepresentation, and/or breach of contract were barred by the res judicata and the Rooker-

6

Feldman doctrines. (Id. at 41-44.) The Bankruptcy Court's order dismissing the amended adversary complaint was filed on December 10, 2012. (See Order, No. 11-8379-RDD, ECF No. 23.) On December 24, 2012, Crawford filed a Notice of Motion for Reargument/Reconsideration of the Bankruptcy Court's order. (See O'Hare Decl. Ex. 7.)

On or about February 12, 2013, nearly two years after issuance of this Court's Order, and almost nine months after the Trustee abandoned Crawford's purported claims against Defendants, Crawford filed her motion with this Court seeking reconsideration of that Order. Her motion is based solely on her assertion that the Trustee's abandonment of her claims somehow re-vested them in her, and argument already raised before and rejected by Judge Drain in the Bankruptcy Court.

## ARGUMENT

### CRAWFORD IS NOT ENTITLED TO RELIEF FROM THE ORDER UNDER RULE 60(b)

Rule 60(b) provides in pertinent part as follows:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

. . .

**(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Crawford seeks relief under Rule 60(b)(6) and under the prong of Rule 60(b)(5) allowing relief from an order or judgment if "applying it prospectively is no longer equitable," Fed. R. Civ. P. 60(b)(5).[3] Her motion, however, utterly fails to justify relief under either provision.

---

[3] The Order is not being applied "prospectively" as contemplated by Rule 60(b)(5). An order or judgment has prospective application when it is either "executory" or "involves the supervision of changing conduct or conditions." DeWeerth v. Baldinger, 38 F.3d 1266, 1275 (2d Cir. 1994) (internal quotation marks

7

The Second Circuit has directed that the extraordinary relief under Rule 60(b) should only be granted "upon a showing of exceptional circumstances." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). For Crawford to be entitled to relief under the "catch all" provision, Rule 60(b)(6), she must show the existence of "extraordinary circumstances justifying relief" and demonstrate that the judgment may cause her to incur "an extreme and undue hardship." Id. at 63. The potentially unfavorable consequences that result from "an adverse judgment properly arrived at" do not, without more, constitute "exceptional circumstances." Atkinson v. Prudential Prop. Co., 43 F.3d 367, 373 (8th Cir. 1994).

### A. Crawford Lacks Standing to Pursue Her Claims Against Defendants Because She Failed to Disclose Those Claims in Her 2006 Bankruptcy Petition

Crawford contends that "exceptional circumstances" warranting relief under Rule 60(b) exist because she has been re-vested with standing to pursue her claims after the Trustee in her third bankruptcy petition abandoned them. As the Bankruptcy Court correctly held, however, Crawford lost the ability to pursue her claims in her first bankruptcy in 2006, and nothing the Trustee in the third bankruptcy did or did not do could "re-vest" those claims in Crawford.

#### 1. The Trustee's Abandonment of Crawford's Claims Does Not Confer Crawford with Standing She Permanently Lost in 2006

In the Order, this Court held that "[d]ue to Plaintiff's failure to raise these claims in her 2006 bankruptcy petition, she may not assert them in this action." Crawford v. Franklin Credit Mgmt. Corp., 2011 WL 1118584, at *14 (S.D.N.Y. Mar. 23, 2011). This Court also held that the fact that Crawford scheduled her claims in her second bankruptcy proceeding did not somehow re-confer standing on her, because her claims did not re-vest after her 2006 bankruptcy. See id.

---

omitted) (citing Twelve John Does v. Dist. of Columbia, 841 F.2d 1133, 1139 (D.C. Cir. 1988)). Here, the Order merely dismissed Crawford's claims, and does not involve ongoing supervision of the parties' conduct. Where, as here, the judgment or order at issue merely dismisses the action, it does not have a "prospective application." See Twelve John Does, 841 F.2d at 1139.

8

These rulings comport with the well-established principle that a debtor loses the right to assert claims they have not disclosed in a prior bankruptcy petition: "While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate after the case is closed." Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) (holding that undisclosed claims were "property of the bankruptcy estate, and those claims may not be brought by the plaintiffs"); see also Alli v. Boston Mkt. Co., 2011 WL 3924246, at *1 (D. Conn. Sept. 7, 2011); Coffaro v. Crespo, 721 F. Supp. 2d 141, 148 (E.D.N.Y. 2010) ("When, as here, a debtor fails to list a claim in his bankruptcy schedules, that claim remains the property of the bankruptcy estate even after discharge, and the debtor lacks standing to pursue it"); Ibok v. Siac-Sector Inc., 2011 WL 293757, at *4 (S.D.N.Y. Feb. 2, 2011) ("undisclosed assets automatically remain property of the estate after the case is closed"), report and recommendation adopted, 2011 WL 979307 (S.D.N.Y.), aff'd, 470 F. App'x 27 (2d Cir. 2012).[4]

Crawford maintains that since she listed her claims in her third bankruptcy petition and the Trustee abandoned them, she now has standing to proceed with this action because the claims re-vested in her. According to Crawford, listing the claims in her third bankruptcy filing acted as a remedy to her failure to disclose them in her first filing. This Court has already held, however, that the claims Crawford lost in the first bankruptcy petition cannot re-vest. As the Order states, "the fact that Defendants contested these claims in the 2007 adversary proceeding cannot confer

---

[4] The only authority provided by Crawford in support of her position is Price v. Kuchaes, 950 N.E.2d 1218 (Ind. Ct. App. 2011), a case in which an Indiana appeals court found that a debtor who had not initially listed a cause of action on his bankruptcy schedules did not lack standing to pursue his claim. Aside from having no precedential value before this Court, Price is inapposite because there, unlike here, the debtor in Price amended his bankruptcy petition schedules to list the claims at issue while his case was still pending. Thus the claims in Price, unlike Crawford's claims here, were disclosed during the bankruptcy case.

standing on [Crawford] because . . . unscheduled assets can only re-vest in the debtor by the operation of law." Crawford, 2011 WL 1118584, at *14. This Court thus held that the second bankruptcy was irrelevant to Crawford's standing because the claims had not re-vested in her after the first bankruptcy: Crawford lost standing to pursue her claims against Defendants when she failed to disclose them in her first bankruptcy petition in 2006, and nothing that happened in the third bankruptcy can revise Crawford's standing to assert those claims.

Crawford thus badly misconstrues both the Order and bankruptcy law in general when she maintains that the claims re-vested "by operation of law" when the Trustee in the third bankruptcy abandoned them. Indeed, given Crawford's forfeiture of the claims in the first bankruptcy in 2006, the Trustee in the third bankruptcy would not have been able to pursue the claims in the first place. It is well-established that a bankruptcy trustee succeeds only to whatever rights the debtor possessed pre-petition, see Bank of Marin v. England, 385 U.S. 99, 101 (1966), and "the existence of a bankruptcy cannot grant the trustee a cause of action against third parties which would have been unavailable to the debtor." Stumpf v. Albracht, 982 F.2d 275, 277 (8th Cir. 1992). Here, Crawford was permanently de-vested of her claims by virtue of her failure to disclose them in her 2006 bankruptcy. Because Crawford could not assert her claims against Defendants, the Trustee likewise could not assert them. There was thus nothing for the Trustee to abandon.

Of course, Crawford already knows that her argument is unavailing because she presented it to the Bankruptcy Court in opposition to Defendants' motion to dismiss (see Memorandum of Law In Opposition to Defendants' Motion to Dismiss, No. 11-8379-RDD, ECF No. 20; O'Hare Decl. Ex. 6), and the Bankruptcy Court flatly rejected it. As Judge Drain correctly stated:

10

> [T]he mere fact that in this bankruptcy, which was obviously subsequent to the 2006 bankruptcy, the Chapter 7 Trustee has abandoned this cause of action and is not asserting the right to pursue it, does not give the Debtor the right to pursue it in light of her failure, which Judge Keenan found binding, to disclose it in her 2006 petition.
>
> I'll start with a quote from Kunika, "a debtor may not conceal assets and then upon termination of the bankruptcy case utilize the assets for its own benefit." The Supreme Court has held that "it cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property can after it was sustained in bankruptcy has been finally closed up immediately thereafter assert title to the property on the ground that the trustee has never taken any action in respect to it." First National Bank of Jacksboro v. Lassiter, 196 U.S. 115, 119 (25 Sup. Ct. 2006), 49 L. Ed. 408 (1905). That quote appears in Kunika at 233 B.R. 53.
>
> Therefore, it appears clear to me that the mere fact that the Trustee does not administer a property or abandons it, does not provide the Debtor the ability to rectify the mistake that she made in 2006, and let her either as an equitable manner or a real manner, based upon principles of either equitable estoppel or judicial estoppel, revive the ability that she lost in Judge Keenan's decision.

(O'Hare Decl. Ex. 6 at 50-51.)

> The Bankruptcy Court went on to state:
>
> The fundamental problem is that she did not disclose the action in 2006, and needs to live with the determination by Judge Keenan that she is precluded from pursuing it now -- she's precluded from pursuing it, period, as a result of such non-disclosure.
>
> * * *
>
> So, while the Estate may have pursued it, the Debtor is barred from pursuing a cause of action under Judge Keenan's decision, notwithstanding that there has been any intervening bankruptcy where the cause of action was abandoned by the Trustee.

(Id. at 52.)[5]

Crawford's motion presents no basis for this Court to reconsider its well-reasoned Order or to disagree with Judge Drain's well-reasoned decision dismissing the adversary proceeding.

---

[5] As stated, Crawford has moved for reargument and/or reconsideration of the Bankruptcy Court's order. (See O'Hare Decl. Ex. 7.)

### 2. Judicial Estoppel is Applicable and Warranted Here

Crawford asserts that she should no longer be judicially estopped from pursuing her claims because her "error" of failing to disclose them in her first bankruptcy was somehow "cured" by her disclosing them in her 2011 filing. This argument has already been rejected both by this Court and by the Bankruptcy Court. Crawford's evident unhappiness with these rulings is not a basis for the extraordinary relief she seeks in her motion.

Judicial estoppel requires that "(1) the party against whom the estoppel is asserted took an inconsistent position in a prior proceeding and (2) that position was adopted by the first tribunal in some manner . . . such as by rendering a favorable judgment." Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 6 (2d Cir. 1999) (citations omitted). It is well-established that judicial estoppel is an appropriate remedy where a debtor has failed to disclose assets in the context of a bankruptcy filing. See Galin v. I.R.S., 563 F. Supp. 2d 332, 338-39 (D. Conn. 2008) ("[J]udicial estoppel is particularly appropriate when a party does not disclose an asset to the bankruptcy court and then brings a claim in another court based upon the ownership of that asset."); Coffaro, 721 F. Supp. 2d at 145 ("In the bankruptcy context, judicial estoppel is commonly invoked in order to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy.") (internal quotation marks omitted).

Crawford claims that, since she disclosed the existence of the claims in her second and third bankruptcy petitions, "any omission that may be attributed to the 2006 filing was cured and accepted by the Bankruptcy Court." (Memorandum of Law in Support of Plaintiff's Motion Under Rule 60(B) [sic] Fed. R. Civ. P., for Relief from the Order of March 23, 2011 ("Crawford Mem.") at 17.) There is simply no support in the law for her position.

This Court has already rejected Crawford's argument that she "cured" her failure to disclose the claims in the first bankruptcy by disclosing them in her subsequent bankruptcies. As set forth above, the Court specifically held in the Order that "the fact that Defendants contested these claims in the 2007 adversary proceeding cannot confer standing on [Crawford]." Crawford, 2011 WL 1118584, at *14. The same reasoning applies to the disclosure of the claims in the third bankruptcy, and Crawford's motion provides no basis for the Court to reach a different conclusion.

Moreover, contrary to Crawford's assertion, the Bankruptcy Court did not "accept" anything. Indeed, it did exactly the opposite:

> The Debtor's argument is that, in fact, is confined to a situation where there has not been a knowing abandonment by a Chapter 7 Trustee or Chapter 11 Debtor, and that if there has been a knowing abandonment, the Debtor does have standing to pursue the action, notwithstanding here the Debtor's failure to have disclosed it.
>
> I believe, in part based upon Kunika, and in part based upon Judge Keenan's application of not only Kunika, but the equitable test set forth in Central Jersey Freightliner, that a debtor that fails to disclose an asset in her sworn petition would not, under Judge Keenan's decision, Kunika, or the subsequent decisions, have the right - ever - to assert that asset for his or herself, although, of course, her estate might well be able to.
>
> That is, the mere fact that in this bankruptcy, which was obviously subsequent to the 2006 bankruptcy, the Chapter 7 Trustee has abandoned this cause of action and is not asserting the right to pursue it, does not give the Debtor the right to pursue it in light of her failure, which Judge Keenan found binding, to disclose it in her 2006 petition.

(O'Hare Decl. Ex. 6 at 49-50.)

Crawford also avers that judicial estoppel is inapplicable because the Bankruptcy Court never "adopted" her position in 2006, i.e., that it never took any action based on that position. (Crawford Mem. at 18.) Once again, Crawford is wrong. As correctly found by the Bankruptcy Court:

13

> The Rule is not simply based upon whether something is property of the Estate or not, but as noted by several courts, is consistent with the doctrine of judicial estoppel where the Plaintiff, having taken a position in the bankruptcy case, that is clearly inconsistent from the position that she's taking now, and I'm referring to the 2006 bankruptcy case, the Court relied upon that position in administering the case, including dismissing it, i.e., the Court might well not have dismissed it if it believed this asset was out there.

(O'Hare Decl. Ex. 6 at 51). Judicial estoppel therefore was and is the appropriate remedy in this case.

Crawford's assertion that the Defendants will not suffer any "unfair detriment" (Crawford Mem. at 18-19) is belied by the long and tortured history of this case. Crawford has continued to press her baseless claims for the last seven years in this Court, before the Bankruptcy Court, and in state court, failing each time. Crawford's protracted and often specious litigation has caused Defendants to incur tremendous expense to defend themselves at each juncture, which will only continue if Crawford is permitted to proceed. Defendants should not be forced to incur any additional expense or waste any additional time defending claims that have already been flatly rejected by three different courts.

### B. Crawford's Motion is Untimely Under Rule 60(c)

Fed. R. Civ. P. 60(c)(1) provides that a motion under Rule 60(b)(5) or (6) must be made "within a reasonable time." Here, Crawford waited approximately 21 months from the issuance of the Order before requesting a pre-motion conference. Courts in this Circuit have routinely held that time spans of such length are unreasonable. See, e.g., In re Refco Inc., 2011 WL 3586416, at *1 (S.D.N.Y. Aug. 2, 2011) ("Appellant's motion, filed nearly two years after the issuance of the Orders and Judgment that are the potential subjects of her challenge, was not made within reasonable time."); Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) (delay of 26 months constituted "a patently unreasonable delay"); Truskoski v. ESPN, Inc., 60 F.3d 74, 76-77

14

(2d Cir. 1995) (18 months); Peyser v. Searle Blatt & Co., 2001 WL 1602129, at *2 (S.D.N.Y. Dec.14, 2001) (nearly 16 months); Young v. Coughlin, 2001 WL 1230836, at *2 (S.D.N.Y. Sept. 24, 2001) (14 months).

Moreover, there is no good reason for Crawford's failure to act sooner. During the 21 months between issuance of the Order and the request to file this motion, Crawford: (a) filed a Notice of Appeal of the Order, which was subsequently withdrawn; (b) filed several motions in the State Court to set aside the JFS, all of which were unsuccessful; and (c) filed a bankruptcy case and pursued an adversary proceeding in the Bankruptcy Court against the Defendants asserting claims which were virtually identical to the claims set forth in this action. In other words, she was forum shopping in other courts hoping for a better result. It was only after she failed in the other courts that she came back to this Court to file the instant motion. Such conduct by Crawford cannot be considered a reasonable excuse for the delay.

While Crawford may assert that she was precluded from pursuing this motion due to her bankruptcy filing, she was free to do so once the Trustee abandoned his interest in the claims in May 2012 – approximately nine months before Crawford sought relief from this Court.[6] Crawford evidently wanted to game the system by first seeing if she could get a favorable result in the Bankruptcy Court, and leaving herself the option of seeking relief from this Court if she was unsuccessful in the Bankruptcy Court. Such tactical machinations are not an excuse for failing to move for relief under Rule 60(b) in a timely fashion, and do not convert Crawford's belated motion in to one made "within a reasonable time" as required by Rule 60(c).

---

[6] Crawford could also have filed a motion in the Bankruptcy Court seeking to compel the Trustee to abandon his interest in the Claims at any time. See 11 U.S.C. § 554(b); Fed. R. Bankr. P. 6007(b).

15

## CONCLUSION

For the foregoing reasons, Crawford's motion for relief from the Order pursuant to Rule 60(b) should be denied in its entirety.

Dated: New York, New York
April 9, 2013

O'HARE PARNAGIAN LLP

_____
Robert A. O'Hare Jr.
Andrew C. Levitt
82 Wall Street, Suite 300
New York, NY 10005
(212) 425-1401
rohare@ohareparnagian.com
alevitt@ohareparnagian.com

*Attorneys for Defendants*
*Franklin Credit Management Corporation*
*and Tribeca Lending Corporation*