Case 1:08-cv-06293-JFK-FM   Document 100   Filed 06/14/13   Page 1 of 7

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 14, 2013

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
LINDA D. CRAWFORD,                  :
                                    :
                       Plaintiff,   :
                                    :        08 Civ. 6293 (JFK)
     -against-                      :
                                    :        OPINION AND ORDER
FRANKLIN CREDIT MANAGEMENT,         :
CORPORATION, TRIBECA LENDING,       :
CORPORATION, AND LENDER'S FIRST     :
CHOICE AGENCY, INC.,                :
                                    :
                       Defendants.  :
------------------------------------X
```

APPEARANCES

For Plaintiff Linda D. Crawford:
KRISHNAN CHITTUR
CHITTUR & ASSOCIATES, P.C.

For Defendants Franklin Credit Management, et al.:
ROBERT A. O'HARE, Jr.
ANDREW C. LEVITT
O'HARE PARNAGIAN LLP

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a motion under Rule 60(b)(5) and (6) of the Federal Rules of Civil Procedure, made by Plaintiff Linda Crawford ("Crawford" or "Plaintiff"). The Court had previously granted summary judgment to defendants Franklin Credit Management Corporation ("Franklin") and Tribeca Lending Corporation ("Tribeca") (collectively, "Defendants"), and Crawford moves the Court for relief from this judgment. For the reasons that follow, the motion is denied.

## I. Background

The Court presumes familiarity with the facts of this case, as set forth in the Opinion and Order of March 23, 2011. (ECF Document No. 82 (hereinafter ("Op.").) Briefly stated, Crawford commenced this action in July 2008, asserting various claims arising from Defendants' alleged operation of a fraudulent mortgage refinancing scheme. After the completion of discovery, the parties cross-moved for summary judgment. The Court granted Defendants' motion for summary judgment on the grounds that Crawford lacked standing to or was collaterally estopped from bringing the claims because she failed to assert any of the claims in her 2006 bankruptcy petition.

Shortly after this Court closed the case, Crawford again filed for bankruptcy, this time asserting the claims she neglected to assert in 2006. In January 2012, the Bankruptcy Court held that the claims belonged to Ms. Crawford's estate in bankruptcy, so she could not pursue them. In May 2012, the trustee in bankruptcy abandoned the claims, at which point Crawford commenced an adversary proceeding in Bankruptcy Court. Defendants moved to dismiss, and the Bankruptcy Court granted the motion, stating that the Trustee's abandonment did not have the effect of conferring standing upon Plaintiff, nor did her claims "re-vest." Crawford now moves this Court for relief under Rule 60(b).

2

## II. Discussion

"Motions for relief under Rule 60(b) are disfavored, and are reserved for exceptional cases." Canale v. Manco Power Sports, LLC, No. 06 Civ. 6131, 2010 WL 2771871, at *2 (S.D.N.Y. July 13, 2010); see also Hoffenberg v. United States, No. 00 Civ. 1686, 2010 WL 1685558, at *4 (S.D.N.Y. Apr. 26, 2010) ("Relief under Rule 60(b) is only warranted if the [party] presents 'highly convincing' evidence that demonstrates 'extraordinary circumstances' justifying relief.") (citation omitted).

A party may move for relief pursuant to Rule 60(b)(5) "if changed circumstances make it no longer equitable that the judgment should have prospective application." Project Strategies Corp. v. Nat'l Commc'ns Corp., No. 94 Civ. 4925, 1995 WL 669655, at *2, (E.D.N.Y. Oct. 27, 1995). Rule 60(b)(5) relief often arises in the context of "institutional reform litigation," in which prospective reforms embodied in judgments are reviewed for inequitable application because of changed circumstances. See, e.g., Horne v. Flores, 129 S.Ct. 2579, 2593 (2009) (noting that injunctions tend to remain in force for long periods of time in such cases, warranting reexamination).

As the Court held in its March 2011 Opinion, "because Plaintiff failed to assert any of the claims in this action in her 2006 bankruptcy petition as discussed above, she lacks

standing to assert these claims or in the alternative is collaterally estopped from bringing these claims." (Op. at 37.) The court further held that "the fact that Defendants contested these claims in the 2007 adversary proceeding cannot confer standing on Plaintiff because . . . unscheduled assets can only re-vest in the debtor by the operation of law." (Id.)

Plaintiff argues that because the Trustee abandoned the claims in 2007, she was re-vested with standing to pursue her claims. This, she argues, satisfies the "changed circumstances" requirement of Rule 60(b)(5) and warrants relief. Lee v. Marvel Enters., Inc., 765 F.Supp.2d 440, 451 (S.D.N.Y. 2011). The Bankruptcy Court rejected this argument when it dismissed Crawford's case:

> [T]he mere fact that in this bankruptcy, which was obviously subsequent to the 2006 bankruptcy, the Chapter 7 Trustee has abandoned this cause of action . . . does not give the Debtor the right to pursue it. . . . Therefore, it appears clear to me that the mere fact that the Trustee does not administer a property or abandons it, does not provide the Debtor the ability to rectify the mistake she made in 2006.

(O'Hare Decl. Ex. 6 at 50-51.)

The view of the Bankruptcy Court is supported by a wealth of precedent in this Circuit. "While properly scheduled estate property that has not been administered by the trustee normally returns to the debtor when the bankruptcy court closes the case, undisclosed assets automatically remain property of the estate

4

after the case is closed. Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116, 122 (2d Cir. 2008) (citing 11 U.S.C. § 554(c), (d)). "A debtor may not conceal assets and then, upon termination of the bankruptcy case, utilize the assets for its own benefit." Rosenshein v. Kleban, 918 F. Supp. 98, 102 (S.D.N.Y. 1996). The Supreme Court has held:

> It cannot be that a bankrupt, by omitting to schedule and withholding from his trustee all knowledge of certain property, can, after his estate in bankruptcy has been finally closed up, immediately thereafter assert title to the property on the ground that the trustee has never taken any action in respect to it.

First Nat'l Bank of Jacksboro v. Lasater, 196 U.S. 115, 119 (1905). Plaintiff's argument that the claims have re-vested is inaccurate. Accordingly, she is not eligible for relief under Rule 60(b)(5).

Crawford has also sought relief under Rule 60(b)(6), which grants authority to relieve a party from final judgment provided that a motion "is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." Warren v. Napoli, No. 05 Civ. 8438, 2010 WL 3033615, at *4 n. 3 (S.D.N.Y. Aug. 2, 2010); see also Scherer v. City of New York, No. 03 Civ. 8445, 2007 WL 2710100, at *4 (S.D.N.Y. Sept. 7, 2007) ("A party may not depend on the broad 'any other reason' provision of Rule 60(b)(6) where the basis for the Rule 60(b) motion may be construed under any other clause of Rule 60(b)."). Since

5

Crawford has not articulated any ground for relief other than those arising under Rule 60(b)(5), relief under Rule 60(b)(6) relief is unavailable.

Even if Crawford could seek relief pursuant to Rule 60(b)(6), she has set forth neither the "extraordinary circumstances" nor the "extreme and undue hardship" required to prevail under such a motion. "Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice. The rule is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." U.S. v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.), cert. denied, 510 U.S. 813, 114 S.Ct. 60 (1993) (reversing grant of 60(b)(6) relief where party failed to demonstrate extraordinary circumstances). To qualify for such relief, a party must set forth "highly convincing material" in support of its motion. In re Evergreen Mut. Funds Fee Litig., 240 F.R.D. 115, 119 (S.D.N.Y. 2007) (Rule 60(b)(6) relief denied where movants' "blanket assertions of extraordinary circumstances and undue hardship [we]re insufficient to support consideration under [Rule 60(b)(6) ].").

Although Plaintiff has waited at least 19 months (Defendants claim she waited 21 months) to file this motion, and Defendant has argued that this delay violates the timeliness

6

requirement of Rule 60(c), the Court need not reach this issue, in light of the above analysis. Similarly, the Court need not consider Defendants' arguments related to judicial estoppel.

### III. Conclusion

For the reasons stated above, Crawford's motion for relief under Rule 60(b)(5) and (6) is denied.

**SO ORDERED.**

Dated:    New York, New York
          June 14, 2013

                                    _____
                                          JOHN F. KEENAN
                                    United States District Judge